**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 1 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

v.

CHRISTIE STAUDENMAYER,

          Defendant - Appellant.

No. 23-1007

D.C. No. 2:05-cr-00023-DWM-5

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted February 21, 2024[**]

Before:    FERNANDEZ, NGUYEN, and OWENS, Circuit Judges.

    Christie Staudenmayer appeals from the 18-month sentence imposed upon

her fourth revocation of supervised release.  We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

    Staudenmayer contends that her above-Guidelines sentence is substantively

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

unreasonable in light of the abuse inflicted on her by prison officials when she was previously incarcerated. Given this history and the nature of her supervised release violations, Staudenmayer argues that the court should not have imposed a custodial sentence at all, but rather sent her to an inpatient treatment facility. We review this claim for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court expressed "significant concern" about Staudenmayer's allegations of abuse but concluded that an 18-month sentence—6 months below what the government was requesting—was warranted in light of Staudenmayer's lengthy history of non-compliance. It explained that Staudenmayer had been given "break after break after break" by probation and the court, but yet continued to violate the terms of her supervision in myriad ways. In light of this history, which is amply supported by the record, we cannot say that the district court abused its discretion in imposing the above-Guidelines sentence. *See* 18 U.S.C. § 3583(e); *United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007) (purpose of a revocation sentence is to sanction the defendant's breach of the court's trust).

**AFFIRMED.**